

RECEIVED
AUG 2 1 2014
CLERK, U.S. DISTRICT COURT
FAIRBANKS, AK

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| WILLIAM J. WALSH,<br><br>        Petitioner,<br>V.<br><br>THE NATIVE VILLAGE OF TANANA;<br>CURTIS SOMMER, President; and<br>TRIBAL COUNCIL MEMBERS of the<br>Native Village of Tanana,<br><br>        Respondents. | No. 4:14-CV-00020-SLG<br><br>**PETITION FOR**<br>**WRIT OF HABEAS CORPUS** |

I.

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(4) and pursuant to the Indian Civil Rights Act of 1968, 25 U.S.C. §§1301-1303.

28 U.S.C. §1331 provides that the Federal District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

28 U.S.C. §1343(4) provides that the federal district courts have original jurisdiction over any civil action authorized by law to be commenced by any person under any act of the U.S. Congress providing for the protection of civil rights.

25 U.S.C. §1301-1303 provides that an Indian tribe in exercising powers of self-government shall not abridge tribal members basic civil rights and that the privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of a member's detention by order of an Indian tribe.

1

II.

## PARTIES

1. Petitioner William J. Walsh an Alaskan Indian and federally recognized member of the Native Village of Tanana allege that his civil rights were violated by the actions of the Respondents named below.

2. Respondent The Native Village of Tanana is a federally recognized Indian tribe located within the State of Alaska.

3. Respondent Curtis Sommer an Alaskan Indian and federally recognized member of the Native Village of Tanana serving as the President of the Native Village of Tanana Tribal Council ("Tribal Council"), the governing authority of the Native Village of Tanana, issued an Ex Parte Order removing, banishing, exiling Petitioner from his tribal residence and tribal homeland depriving Petitioner of his liberty and property without due process of law.

4. Respondents Tribal Council Members are Alaskan Indians and federally recognized members of the Native Village of Tanana and acting in concert passed a Tribal Resolution alleging certain criminal acts and violations of Petitioner's civil rights without due process of law.

5. Respondents Curtis Sommer, President, and the Tribal Council Members are being sued in their official capacities as well as in their individual capacities under Ex Parte Young, 209 U.S. 123 (1908).

III.

## INTRODUCTION

6. Petitioner contends that Respondents President and Tribal Council, the governing authority of the Native Village of Tanana, passed a Resolution and an Ex-Parte Order to remove and banish the Petitioner from his residence, his property, and from his legally recognized homeland within the Native Village of Tanana without affording him due process of law.

7. The President and Tribal Council ordered an immediate exile of Petitioner from his native village for an indeterminate time.

8. The immediate and continuing exile denies Petitioner his freedom as a citizen of the Native Village of Tanana and denies Petitioner his rights from tribal government interference without prior notice and an opportunity to defend against all allegations prior to his banishment from tribal lands.

9. Respondents actions against Petitioner constitute a criminal sanction under the meaning of the Indian Civil Rights Act of 1968, 25 U.S.C. §1303

10. Petitioner asserts that the Ex Parte Order for his removal and banishment from the Native Village of Tanana is illegal under the Indian Civil Rights Act of 1968, 25 U.S.C. §§1302(8) and 1303

IV.

## STATEMENT OF FACTS

11. On May 14, 2014, the Tanana Tribal Council adopted Tribal Resolution 2014-17 and Ex Parte Order 2014-01 to remove and banish Petitioner, William J. Walsh and another tribal member from the Native Village of Tanana. The Ex Parte Order directed Petitioner and

3

the other tribal member "to leave and not return to the Village of Tanana for any reason *from now until further notice*". (Emphasis added) Petitioner was not provided with prior notice nor was he allowed an opportunity to answer and defend the allegations against him prior to the adoption of the Banishment Resolution and Ex Parte Order by Tribal Council. [Exhibit 1]

12. On June 23, 2014, the Tanana Tribal Council adopted Tribal Resolution 2014-17 (Revised) and Ex Parte Order 2014-01(Revised) which provides that Petitioner and another individual be "directed to leave and not return to the Village of Tanana for any reason from the date of service of this Ex Parte Order *until a hearing will be held before Tribal Court to consider further banishment proceedings*". (Emphasis added) [Exhibit 2]

13. Tribal Resolution 2014-17(Revised) ("Resolution") is a criminal complaint that accuses Petitioner of certain criminal acts and which is the only basis for the Ex-Parte banishment order.

14. The Resolution contains serious criminal allegations, libelous statements and direct overt violations of Petitioners civil rights and is based on Petitioner's criticism directed at the Tribal Council and upon his association with the other exiled tribal member.

15. The Resolution specifically states that Petitioner's speech be censored and that his political views are dangerous, so dangerous that his speech and associations were directly related to a highly publicized alleged murder in the Village of Tanana.

16. The criminal allegations and libelous statements made by the Tribal Council against Petitioner in Resolution 2014-17(Revised) and Ex-Parte Order resulted in Petitioner's loss of liberty by banishment, a criminal punishment.

17. Petitioner's loss of liberty accomplished by the Tribal Council without allowing Petitioner an opportunity to defend himself against the tribal government's accusations is an illegal act in direct violation of Petitioner's basic civil and due process rights.

18. The Ex Parte Order of Petitioner's banishment penalty and/or sentence is still in effect.

19. Petitioner continues to be denied his liberty to enjoy his home, property, economic security and all the benefits of his native homeland by the illegal acts of the Respondents.

V.

## CONTENTION

PETITIONER IS BEING DENIED HIS CONSTITUTIONAL RIGHTS UNDER THE INDIAN CIVIL RIGHTS ACT OF 1968, 25 U.S.C. §§1302(8)1303 BY BEING DEPRIVED OF HIS RIGHT TO LIBERTY AND PROPERTY WITHOUT DUE PROCESS OF LAW.

VI.

## PRAY FOR RELIEF

Petitioner is without remedy save by writ of habeas corpus.

WHEREFORE, Petitioner prays the Court:

1. Issue a writ of habeas corpus releasing Petitioner from his illegal sentence of banishment ordered ex parte by the tribal government authority of the Native Village of Tanana;

2. Enjoin Defendants from enforcing its illegal Ex-Parte Order of exclusion against Petitioner; and

3. Gant any other and further relief this court deems proper.

Dated: August 21, 2014.

Respectfully submitted,

*William J Walsh*
William J. Walsh, Pro Se
P. O. Box 181
Tanana, Alaska 99777
Phone: 907 460 3098
Email: williamwalsh565@gmail.com

DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that s/he is the plaintiff in the above action, that s/he has read the above civil rights complaint and that the information contained in the complaint is true and correct.

Executed at Fairbanks (Location) on aug. 21, 2014 (Date)

*William J Walsh*
William "Bill" Walsh

6