UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA



WILLIAM J. WALSH, )   No. 4-14-CV-00020-SLG
)
    Petitioner, )
V. )
) **MEMORANDUM OF LAW IN SUPPORT**
CURTIS SOMMER, President, and ) **OF PETITION FOR HABEAS CORPUS**
TRIBAL COUNCIL MEMBERS of )
The Native Village of Tanana, )
)
    Respondents. )

PETITIONER IS BEING DENIED HIS CONSTITUTIONAL RIGHTS UNDER THE INDIAN CIVIL RIGHTS ACT OF 1968, 25 U.S.C. §1303 BY BEING DEPRIVED OF HIS RIGHT TO LIBERTY AND PROPERTY WITHOUT DUE PROCESS OF LAW.

    The Indian Civil Rights Act of 1968 codified as 25 U.S.C. §1303 provides the following:

    The privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian Tribe.

    The U.S. Supreme Court in <u>Santa Clara Pueblo v. Martinez</u>, 436 U.S. 49 (1978), interpreted §1303 as furnishing an exclusive federal remedy under the Indian Civil Rights Act of 1968 to test the legality of actions by a tribal council, tribal court or tribal police in criminal cases only. Most tribal matters that involve violations of equal protection or taking of property without hearing or compensation by a tribal council or tribal court are not reviewed by federal courts because those matters do not involve a detention.

    A detention as defined in Black's Law Dictionary, Sixth Edition (1990) is "The act of keeping back, restraining or withholding, either accidentally or by design a person or thing."

    Although banishment is decidedly archaic in contemporary criminal justice systems, banishment is still used as a criminal punishment by tribal governments administering their own

1

justice to their own members often as the ultimate humiliation within tribal communities. The U.S. Constitution does not prohibit banishment as a form of punishment and sentencing as long as the banishment order rests on substantive and procedural requirements of due process of law.

In the above-entitled case, Petitioner was and continues to be banished from his native homelands by the Tanana tribal council without an opportunity to defend himself against the allegations and without an opportunity to be heard by an impartial tribal tribunal. Petitioner's banishment punishment is being accomplished through an ex-parte order by the tribal president supported by a tribal council resolution. At no time prior to his banishment was Petitioner given an opportunity to answer the allegations against him and was further prevented from presenting his defenses to an impartial tribunal in clear violation of Petitioner's basic due process rights.

Exclusion and banishment are legal issues that lie at the intersection of civil law and criminal law. A leading case in determining whether governmental action of banishment is civil or criminal is Kennedy v. Mendoza-Martinez, 372 U.S. 144 (1963). The Court in Mendoza-Martinez considered whether the stripping of citizenship constituted "punishment" and set forth seven factors to determine whether a governmental action is penal in character. Those factors are:

"1. Does the sanction stemming from the [government action] involve an affirmative disability or restraint?
2. Has the sanction historically been regarded as a punishment?
3. Does the sanction come into play only on a finding of scienter?
4. Will the sanction's operation promote the traditional aims of punishment-retribution and deterrence?
5. Is the behavior to which the sanction applies already a crime?
6. Can the sanction be assigned to an alternative purpose to which it may rationally be connected?
7. Does the sanction appear excessive in relation to the alternative purpose assigned?"

Applying the above factors to the facts in the present case, it becomes clear the Tanana Tribal Council inflicted a punishment upon Petitioner by essentially stripping him from certain innate

2

benefits of his citizenship in the Native Village of Tanana and restraining Petitioner from his rights as an Alaskan Indian without affording him his substantive and procedural due process rights.

In Mendoza-Martinez the Court found that the stripping of citizenship was punitive and ruled in favor of the Petitioner Mendoza-Martinez. Speaking for the Court, Justice Goldberg stated "The imperative necessity for safeguarding these rights to procedural due process under the gravest of emergencies has existed throughout our constitutional history, for it is then, under the pressing exigencies of crises, that there is the greatest temptation to dispense with guarantees which, it is feared, will inhibit government action."

Banishment and exclusion from one's homeland by governmental action is punitive and due process mechanisms must be afforded to Plaintiff prior to the execution of a banishment order. In the present case, Petitioner is excluded and restrained from his native homelands for an indefinite period of time in violation of his basic due process rights under the U.S. Constitution and under the Indian Civil Rights Act of 1968, codified as 25 U.S.C. §§1301-1303 and by doing so the Tanana Tribal Council illegally expanded its governing powers during a time of a perceived tribal community crises and circumvented and prevented Petitioner from exercising his due process rights.

The Tribal Council libel assertions in Resolution 2014-17(Revised), that Petitioner is linked to two alleged murders that took place in the tribal community through his critical speech against the tribal council and through his association with family members of the alleged murderer. For these reasons only did the tribal government inflict its banishment punishment against Petitioner through its ex parte order of removal and expelled Petitioner form his homelands, property, economic pursuits and his tribal identity.

3

The Constitution and By-Laws of the Native Village of Tanana, Article 4, Section 1 & 2 provides, in part:

> "The Village shall have the power to do all things for the common good which it has done or has held the right to do in the past and *which are not against Federal law...* [and] the *Village may have and use such other powers as may be given to it by the Federal... Government.*" (Emphasis added) Further, Article 5, Section 2 of the Constitution and By-Laws of the Native Village of Tanana specifically provides the right to its tribal members the right speak and meet freely. [Exhibit 1]

The acts by the Tanana tribal government through Resolution 2014-17(Revised) and Ex Parte Order violated Petitioner's rights protected by the U.S. Constitution as a citizen of the United States and denied Petitioner's rights protected by the Indian Civil Rights Act of 1968, 25 U.S.C. §1302, as a citizen of a federally recognized tribe of the Village of Tanana.

## CONCLUSION

For the reasons set forth above, Petitioner requests this Court to issue a Writ of Habeas Corpus relieving the Petitioner from the punishment of banishment accomplished by the Native Village of Tanana government through an ex parte order without providing Petitioner his basic due processes rights under the Indian Civil Rights Act of 1968 which only remedy is Habeas Corpus. The Native Village of Tanana cannot overcome the test of Petitioners illegal detention, punishment and denial of his liberty under the U.S. Constitution and the Indian Civil Right Act of 1968, 25 U.S.C. §§1302-1303.

Dated: August 11, 2014.

Respectfully submitted,

*William J. Walsh*
William J. Walsh, Pro Se
P. O. Box 181
Tanana, Alaska 99777
Phone 907 460 3098
Email williamwalsh565@gmail.com

4